The facts appeared to be, that J. & J. Harper, owners of the brig Numa, Ebenezer Bacon, master, shipped a cargo at Alexandria on board the brig, consigned to S. D. Harper, their super-cargo. After this shipment and before the return of the brig, J. & J. Harper failed, and assigned this outward cargo to the plaintiff, John C. Vowell, for valuable consideration, and assigned to the plaintiff the bills of lading of the return cargo.

The defendant, the master of the brig, refused to deliver up the bags of money unless the plaintiff would pay him his wages due by J. & J. Harper, and others, his owners.

Mr. Hodgson and Mr. Mason, for defendant, contended that he had a right to do so, and cited Downam v. Matthews, Prec. Ch. 580, and Godin v. Assurance Co., 1 Burrows, 489.

Mr. Taylor, contra. A master of a vessel has no general lien upon the consignments to his owners for a general balance of account due to him by them. There is no special lien; no advance upon the faith of those consignments. He was a common carrier. He was not intrusted with the property, except as a mere common carrier. A general balance of account cannot be set off in trover for specific goods. J. & J. Harper had complete control over the outward cargo in the hands of S. D. Harper, their super cargo and consignee, and they assigned to the plaintiff for valuable consideration, who thereby acquired the legal title. The consignment to S. D. Harper did not transfer the legal title to him. It only gave him a power to sell as the factor of J. & J. Harper. But it is unimportant whether the assignment of the outward bill of lading gave the plaintiff a legal title; he had an equitable right to it, and could have compelled the factor, S. D. Harper, to account for the proceeds, and if the legal title remained in J. & J. Harper they transferred it to the plaintiff.

THE COURT (nem. con.) was of opinion and so instructed the jury, at the prayer of the plaintiff's counsel, that the defendant had no right to detain the bags of money, against his bill of lading, for a balance of general account due to him by the owners of the vessel, who had assigned the bill of lading to the plaintiff for a valuable consideration.

Verdict for the plaintiff, $1137.75. with interest from the 24th of December, 1827.

## Case. No. 17,019.

VOWELL et al. v. COLUMBIAN INS. CO.

[3 Cranch, C. C. 83.] 1

Circuit Court, District of Columbia.　April Term, 1827.

### GENERAL AVERAGE.

The charges of entering a harbor for repairs, the surveyor's bill, and port-charges, are items of general average, and are the subject of general contribution.

1 [Reported by Hon. William Cranch, Chief Judge.]

Case [by Thomas Vowell and others] on policy of schooner Mary, valued at $1500, for six months from the 29th June, 1824.

The question for the court was whether the charges of entering the harbor to make the repairs, the surveyor's bill, and port-charges, are items of general average, or are a part of the loss, for which the defendants are liable under the policy. Phil. Ins. 346, c. 15, § 4.

THE COURT (nem. con.) was of opinion that those charges were the subject of general contribution.

## Case No. 17,020.

VOWELL v. LYLES.

[1 Cranch, C. C. 329.] 1

Circuit Court, District of Columbia.　July Term, 1806.

### OFFICE JUDGMENTS—VACATING.

To set aside an office judgment, the court will not permit the defendant to plead specially, matter which may be given in evidence upon the general issue.

[Cited in Patton v. Violett, Case No. 10,839.]

Assumpsit against indorser of a promissory note.

Mr. Youngs, to set aside the office judgment, offered to plead, 1. Non assumpsit. 2. That the maker had, at the time of the institution of the suit, more property in his hands than would have discharged the debt. 3. That no consideration passed from plaintiff to defendant.

THE COURT refused to receive the two last pleas, because the facts, if they amounted to a defence, may be given in evidence under the general issue.

[See Case No. 17,021.]

## Case No. 17,021.

VOWELL v. LYLES.

[1 Cranch, C. C. 428.] 1

Circuit Court, District of Columbia.　July Term, 1807.

PROMISSORY NOTES — LIABILITY OF INDORSER — PLEADING—SPECIAL DEMURRER—INDORSEMENT IN BLANK.

1. In an action in Virginia, by the indorsee against the indorser of a promissory note, if the maker is insolvent, it is not necessary that the plaintiff should have first sued the maker, although at the time of bringing the suit, the maker had in his hands. goods and chattels more than enough to pay the debt.

2. If the defendant indorsed the note to give it credit, no other consideration is necessary to support the action.

[Cited in McComber v. Clarke, Case No. 8,711.]

3. A special demurrer brings into question the substantial validity of the pleading of the demurring party.

1 [Reported by Hon. William Cranch, Chief Judge.]